**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 17-01032 (EAG) |
| ALMARIS SERRANO COLON, | CHAPTER 7 |
| DEBTOR. | FILED & ENTERED ON 1/19/2021 |

_____

**OPINION AND ORDER**

Before the court is the debtor's motion for a stay pending appeal, the chapter 7 trustee's opposition to it, and the debtor's reply. (Bankr. Dkt. Nos. 162, 168 & 181.) For the following reasons, the court denies the debtor's motion.

**I.      Procedural History.**

On February 16, 2016, Almaris Serrano Colon ("Ms. Serrano Colon" or the "debtor") filed a lawsuit in the district court of Puerto Rico against the Department of Homeland Security, among others, alleging workplace discrimination and unlawful termination. (Civil Case No. 16-01268, Dkt. No. 1.) The complaint seeks compensatory and punitive damages totaling no less than $6 million. Id.

A year and a day later, on February 17, 2017, Ms. Serrano Colon filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.[1] (Bankr. Dkt. No. 1.) The debtor

---

[1]/Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

included the lawsuit in schedule A/B, in the amount of $6 million, and took a partial exemption over the suit in schedule C in the amount of $12,924.38 under section 522(d)(5). (Bankr. Dkt. No. 1 at pp. 23, 25.) The debtor's chapter 13 plan, dated October 22, 2018, was confirmed on February 27, 2019. (Bankr. Dkt. Nos. 67 & 86.)

Following the filing of a motion to dismiss by the chapter 13 trustee due to plan payment arrears, the debtor filed a notice to convert the case to chapter 7 on September 11, 2019. (Bankr. Dkt. Nos. 88 & 89.) The case was converted on September 17, 2019, a chapter 7 trustee was appointed on September 19, 2019, and the meeting of creditors was closed on November 15, 2019. (Bankr. Dkt. Nos. 93, 96 & 108.) Discharge was entered on December 27, 2019. (Bankr. Dkt. No. 115.) On January 10, 2020, the chapter 7 trustee filed an application to employ attorney Elisabet Garcia Torres as special counsel representing the trustee in the district court litigation, which was approved by the court without objection.[2] (Bankr. Dkt. Nos. 117 & 118.)

On April 28, 2020, the debtor filed a motion seeking to compel the trustee to abandon the district court litigation and objecting to the appointment of the special counsel. (Bankr. Dkt. No. 120.) In the motion, the debtor argued that the only claims remaining in the case corresponded to student loans, which she characterized as non-dischargeable, and that "there is no reason to continue administering the estate in the instant case to pay one non-dischargeable unsecured student loan debt." (Bankr. Dkt. No. 120 at p. 4.) The debtor also took issue with the trustee's choice of special counsel, maintaining that her current attorney

---

[2]/The court notes that the debtor never sought authorization from the bankruptcy court to pursue the district court litigation during the pendency of the chapter 13 case.

in the district court case would have been a better choice. (Bankr. Dkt. No. 120 at pp. 3-4.) The debtor herself, without her attorney, filed that same day a separate motion to compel the abandonment of the lawsuit and the closing of the chapter 7 case based on similar arguments. (Bankr. Dkt. No. 125.)

The chapter 7 trustee opposed the two motions, first arguing that the debtor's "pro se" motion should be stricken given that the debtor was represented by counsel at the time it was filed.[3] (Bankr. Dkt. No. 126 at p. 1.) The trustee went on to characterize the debtor's motions as simply an attempt to interfere with the trustee's prosecution of the district court litigation. (Bankr. Dkt. No. 126 at p. 6.) While the debtor has a partial exemption on the lawsuit, up to the amount of $12,924.38, the trustee asserted that any amounts recovered in excess of this belong to the bankruptcy estate and must be used to pay the debtor's creditors. (Bankr. Dkt. No. 126 at p. 7.) The debtor thus, according to the trustee, lacked standing to seek the abandonment of the district court case. (Bankr. Dkt. No. 126 at pp. 7-11.) Finally, the trustee contends that while the debtor's student loans may ultimately be non-dischargeable, they remains claims against the bankruptcy estate, and the trustee must pursue non-exempt assets to satisfy those debts as well as any others. (Bankr. Dkt. No. 126 at pp. 8, 13-14.)

The court found the trustee's arguments persuasive, and denied the debtor's motions. (Bankr. Dkt. No. 130.) The debtor moved for reconsideration, which the trustee opposed, and the court denied. (Bankr. Dkt. Nos. 135, 137 & 150.)

---

[3]/The debtor's bankruptcy attorney did subsequently withdraw his representation, and Ms. Serrano Colon is now acting pro se. (Bankr. Dkt. Nos. 133 & 134.)

On September 11, 2020, Ms. Serrano Colon moved for voluntary dismissal of her bankruptcy case. (Bankr. Dkt. No. 140.) The debtor maintained that she only converted to chapter 7 due to poor legal advice from her attorney, and that she wishes to pay her creditors outside of bankruptcy. Id. Specifically, the debtor stated that she consolidated her student loans so that the only debt remaining in the case was the car loan. (Bankr. Dkt. No. 140 at p. 2.) Ms. Serrano Colon states that she obtained the necessary funds from relatives to pay off the deficiency on that loan, which, following the turnover of the vehicle to the creditor in May 2020, is now unsecured in the amount of $12,322.26. (Bankr. Dkt. No. 140 at p. 2; Claims Register No. 2-3.) The court notes that the two claims corresponding to students loans were withdrawn by the creditors in September 2020. (Bankr. Dkt. No. 135 at p. 2; Bankr. Dkt. No. 144; Claims Register No. 1-2 & 3-1.) Regarding the mortgage loan held by Rushmore Loan Management Services LLC, the debtor maintains that the loan was restructured in 2018 and that the debtor is current with all payments. Id.

In her opposition, the trustee argues that the debtor did not demonstrate cause for dismissal of the case, as required under section 707(a). (Bankr. Dkt. No. 148.) Regarding the student loans, the trustee states that Ms. Serrano Colon never obtained permission from the court to refinance her student loans, and that the debtor has not informed her of the new holder of the consolidated loan, as she is obligated. (Bankr. Dkt. No. 148 at p. 3.) As to the debtor's assertion that she will pay off the car loan outside of bankruptcy, the trustee states that, based on a review of the debtor's schedules I and J, the debtor does not appear to have the financial means to repay all of her creditors, including the student loan. (Bankr. Dkt. No. 148 at p. 5.) And, even if she did, that this would still not constitute cause for dismissal. Id.

In her reply, the debtor states that the U.S. Department of Education remains the holder of the consolidated student loans. (Bankr. Dkt. No. 149 at p. 1.)

On December 15, 2020, the court denied the debtor's motion for failure to show cause for dismissal as required by section 707(a) and for the reasons stated by the trustee in her opposition. (Bankr. Dkt. No. 151.) In so doing, the court noted that "the debtor received a discharge in this case on December 27, 2019 . . . , and that it would be unjust to grant the debtor a discharge but not allow the chapter 7 trustee to liquidate assets to pay creditors." Id.

On December 21, 2020, the debtor moved for leave to appeal the court's orders denying the motion to compel abandonment of the district court case as well as debtor's request for voluntary dismissal. (Bankr. Dkt. No. 154.) On December 28, 2020, the debtor moved to stay the bankruptcy proceedings pending the appeal, which the trustee has opposed. (Bankr. Dkt. Nos. 162 & 168.) The debtor has since filed a reply and an amended reply four days later. (Bankr. Dkt. Nos. 175, 180 & 181.)

## II.     Jurisdiction.

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## III.     Legal Discussion.

Bankruptcy Rule 8007 governs motions for stay pending an appeal. Courts consider the traditional four-part standard applicable to preliminary injunctions. See Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir.2002). The court must consider "(1) whether the

applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." In re Triple A & R Capital Inv. Inc., 2015 Bankr. LEXIS 723 at *2-3 (Bankr. D.P.R. 2015).  "In essence, the issuance of a stay depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party].'"  Acevedo-García, 296 F.3d at 16-17 (quoting United Steelworkers of America v. Textron, Inc., 836 F.2d 6, 7 (1st Cir. 1987)).  The United States Supreme Court has stated that the first two factors are the "most critical" in the analysis.  Nken v. Holder, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009).  But, the "[f]ailure to satisfy even one of those requirements justifies denial of the stay."  Fraterfood Serv. v. DDR Del Sol, LLC (In re Fraterfood Serv.), 2015 Bankr. LEXIS 3081 at *2 (Bankr. D.P.R.  2015).  "A court has substantial discretion under Rule [8007] to grant (or deny) a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review."  Triple A & R Capital Inv. Inc., 2015 Bankr. LEXIS 723 at *2.

At the outset, while the debtor's motion to stay proceedings can be read as seeking an order from the bankruptcy court staying the district court litigation, something outside this court's jurisdiction, the court instead interprets the debtor's motion as a request to stay the bankruptcy court proceedings so that no settlement agreement reached in the district court case can be approved by the bankruptcy court, as required under Fed. R. Bankr. P. 9019(a).

The court understands that the debtor's appeal is interlocutory in nature, since neither order at issue "conclusively determine[d] a discrete dispute within a larger case."  Fleet Data

6

Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 647 (B.A.P. 1st Cir. 1998) (quoting In re Harrington, 992 F.2d 3, 5 (1st Cir. 1993)); see, e.g., Liscinski v. Cambridge Mgmt. Grp. (In re Trimble), 2008 Bankr. LEXIS 835, at *11-*12 (Bankr. D.N.J. Mar. 18, 2008) ("generally, a denial of a motion to dismiss or motion for summary judgment is not immediately appealable.")  Rather, the denial of the motion to compel abandonment of the district court litigation and the motion for voluntary dismissal have allowed the bankruptcy case to continue forward.  And, while interlocutory orders may be appealed in certain circumstances under 28 U.S.C. § 158(a)(3), "interlocutory bankruptcy appeals generally are reserved for cases presenting exceptional circumstances."  Countrywide Home Loans, Inc. v. Office of the United States Tr., 2008 U.S. Dist. LEXIS 45828, at *15 (W.D. Pa. June 11, 2008).

Turning to the motion itself, the debtor, critically, has not demonstrated that she is likely to succeed on the merits of her appeal.  Acevedo-García, 296 F.3d at 16 (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)) ("The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.") Ms. Serrano Colon's position throughout the chapter 7 case rests on two faulty premises.  First, that the district court litigation is a fully exempt asset of the debtor.  Second, that the bankruptcy estate has no remaining creditors.  Neither is the case.

While the debtor claimed the lawsuit as exempt on schedule C, it is only a partial exemption up to the amount of $12,924.38 compared to the $6 million valuation the debtor assigned the district court litigation in schedule A/B.  (Bankr. Dkt. No. 1 at pp. 23, 25.)  Any amount recovered in excess of the debtor's partial exemption thus belongs to the bankruptcy estate and must be used to pay the debtor's creditors after paying the trustee's fees.  If the

debtor's creditors are paid in full, any remainder would then go to the debtor. The chapter 7 trustee, through her special counsel, is therefore well within her rights to pursue this asset by litigating the district court case.

As to the second point, the debtor does still has creditors remaining in the bankruptcy case. As of now, the status of Ms. Serrano Colon's consolidated student loans remains unclear. Although she states that the loans were consolidated with the U.S. Department of Education, no new proof of claim has been filed by the holder of the consolidated loan. Nor was the debtor authorized by the court to refinance those loans. It is not even known whether the new loan holder is aware that Ms. Serrano Colon is currently in bankruptcy. Aside from the student loans, however, it is uncontested that the unsecured car loan in the amount $12,322.26 remains a debt of the bankruptcy estate. The debtor concedes this point in her reply, stating that the vehicle, which had been repossessed, has not yet been sold at auction, so she has not been able to pay off whatever deficiency remains. (Bankr. Dkt. No. 181 at p. 7.) While the debtor has proposed to pay this creditor outside of bankruptcy, it is not a given that the debtor has the means to do so, and, regardless, this is not a basis for establishing cause for the dismissal of the debtor's case. See Kirby v. Spatz (In re Spatz), 221 B.R. 992, 994 (Bankr. M.D. Fla. 1998) ("It is well established and supported by Legislative History that the fact that a debtor is willing and able to pay his debts outside of bankruptcy does not constitute adequate cause for dismissal under section 707(a)[.]").

**IV.    Conclusion.**

In light of the foregoing, the court denies the debtor's motion to stay pending appeal at docket number 162.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 19th day of January, 2021.

Edward A. Godoy
U.S. Bankruptcy Judge